**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David S. Martinez,    Plaintiff, vs. Corrections Corporation of America, et al.,    Defendants. | No. CV 09-956-PHX-MHM (ECV) **ORDER** |

Plaintiff David S. Martinez, who is confined in the Corrections Corporation of America's La Palma Correctional Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.43. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendants Corrections Corporation of America (CCA), Warden C. DeRosa, Health Services Administrator Burnett, Unit Manager Meier, Lieutenant Johnson, and "Unknown Officer(s)."

In each count, Plaintiff asserts a violation of his First Amendment right to free speech, his Fourth Amendment right to "be secure in their person," the Eighth Amendment prohibition against cruel and unusual punishment, the Ninth Amendment, and the Fourteenth Amendment rights to due process and equal protection.

In Count One, Plaintiff claims that Defendants DeRosa, Burnett, Meier, Johnson, and Unknown Officer were agents of CCA and that Plaintiff "acquiesced to [an] unwarranted tuberculosis test" after Defendants Meier, Johnson, and Unknown Officer made threats of physical restraint and segregation. He also alleges that Defendant Burnett failed to "establish

policy in clinic, for staff, to ensure rights of inmates who choose not to accept medical treatment" and that Defendant DeRosa failed to ensure that "facility staff was following guidelines to protect inmate-residents rights."

In Count Two, Plaintiff claims that Defendants Meier, Johnson and Unknown Officer were agents of CCA and that Defendat Meier's "combative words and threatening tone of voice . . . instigated animosity and hostility between inmate-residents and staff" that caused a "threat of riot" which would have exposed Plaintiff to a danger of physical harm. He also asserts that Defendants Johnson and Unknown Officer verbally supported Defendant Meier's statements and "failed to defuse the stituation."

In Ground Three, Plaintiff alleges that Defendants DeRosa, Burnett, Meier, Johnson, and Unknown Officer were agents of CCA; that Defendant Burnett "neglected his responsibility in the production of the intake teaching packet that listed acknowledgment of the Tuberculosis information, but was omitted" and "failed to instruct[] staff in medical clinic on inmate refusal policy"; that Defendant Meier neglected to recognize Plaintiff's right to refuse treatment; and that Defendants DeRosa and Burnett "neglected their responsiblity in ensuring that the inmate-resident[s'] rights were not violated" and neglected to timely resolve another inmate's grievance.

In his Request for Relief, Plaintiff seeks injunctive relief and monetary damages.

## IV. Failure to State a Claim

### A. Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor or employer of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

1       Plaintiff does not allege any specific conduct by Defendant CCA, does not allege that Defendant CCA caused a constitutional violation by instituting a policy, custom, or practice that was the moving force behind an alleged constitutional violation, and does not allege that any other Defendant was acting pursuant to a CCA custom, policy, or practice. Therefore, the Court will dismiss without prejudice Defendant CCA.

### B.     Failure to State a Claim

      Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

      Simply asserting that a set of facts constitutes a violation of a myriad of constitutional amendments does not state a claim. Plaintiff's allegations in his Complaint are entirely vague and conclusory and it is unclear how Defendants' conduct would constitute a violation of many of the constitutional amendments that Plaintiff has listed. Thus, the Court will dismiss Plaintiff's Complaint without prejudice. The Court will grant Plaintiff leave to file an amended complaint.

### V.     Leave to Amend

      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

      Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. **Plaintiff may include only one claim per count**.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) **how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right**; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

If Plaintiff files an amended complaint, he should take note that allegations of threats fail to state a constitutional claim. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (defendants' threats of bodily harm to convince plaintiff not to pursue legal redress were insufficient to state a claim under § 1983; "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong").

Plaintiff should also take note that, to state a claim under the Eighth Amendment, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a

"serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002).

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 | the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2 | in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.43.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 18th day of June, 2009.

_____
Mary H. Murguia
United States District Judge