1  **WO**                                                               MDR
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE DISTRICT OF ARIZONA**
8
9  David S. Martinez,              )   No. CV 09-956-PHX-MHM (ECV)
                                   )
10          Plaintiff,              )   **ORDER**
                                   )
11 vs.                             )
                                   )
12 Unit Manager Meier, et al.,     )
                                   )
13          Defendants.            )
                                   )
14

15      On May 4, 2009, Plaintiff David S. Martinez, who is confined in the Corrections
16 Corporation of America's La Palma Correctional Center in Eloy, Arizona, filed a *pro se* civil
17 rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma*
18 *Pauperis*. In a June 18, 2009 Order, the Court granted the Application to Proceed and
19 dismissed with Complaint because Plaintiff had failed to state a claim upon which relief
20 could be granted. The Court gave Plaintiff 30 days to file an amended complaint that cured
21 the deficiencies identified in the Order.
22      On July 14, 2009, Plaintiff filed an Application for Enlargement of Time to Amend
23 Complaint, seeking an extension of time to file his amended complaint. In an August 11,
24 2009 Order, the Court granted Plaintiff's Application, giving him until August 18th to file his
25 first amended complaint.
26      On August 13, 2009, Plaintiff filed his First Amended Complaint (Doc. #8). The
27 Court will dismiss the First Amended Complaint with leave to amend.
28

**JDDL-K**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be
2 dismissed for failure to state a claim, with leave to amend because the First Amended
3 Complaint may possibly be saved by amendment.

**II.     First Amended Complaint**

In his three-count Complaint, Plaintiff sues Defendants Unit Manager Meier, Lieutenant Johnson, "Unknown Officer(s)," and "Unknown Medical Staff."[1]

Plaintiff claims that he arrived at the La Palma Correctional Center and submitted under duress to tuberculosis testing after Defendants Meier, Johnson, and an unknown officer verbally threatened to physically restrain inmates and place inmates in segregation if they refused to submit to testing.

In Count One, Plaintiff alleges a violation of his Fourth Amendment right to privacy because he was forced to participate in the tuberculosis testing. He claims Defendants Meier and Johnson "intruded . . . into a clinic area designed for private medical screening for inmates . . . with the intent to forcefully coerce [P]laintiff Martinez, and other inmates . . . to accept unwarranted and/or excessive medical treatment." He asserts that Plaintiff Meier used excessive and unjustifiable verbal threats and that Defendant Johnson's presence was "not standard procedure and was maintained contrary to [P]laintiff Martinez'[s] objection." He also alleges that Defendant Unknown Medical Staff, who is a nurse practitioner, "improperly and negligently and with intent to deny [P]laintiff Martinez of his right to

---

[1] In his original Complaint, Plaintiff named Corrections Corporation of America as a defendant. However, Plaintiff does not list Corrections Corporation of America as a Defendant in the caption of his First Amended Complaint or in the list of Defendants on the second page of Plaintiff's First Amended Complaint. Thus, Corrections Corporation of America is no longer a defendant in this action, and the Court will disregard any references to "Defendant CCA" in the body of Plaintiff's First Amended Complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (a first amended complaint supersedes the original complaint; after amendment, the Court will treat an original complaint as nonexistent). Moreover, there is only one Plaintiff in this action—Plaintiff David S. Martinez—and, therefore, the Court will disregard any references to "Plaintiff Torrez" in the First Amended Complaint.

1 privacy" injected Plaintiff with the tuberculosis test without Plaintiff's express or implied
2 consent.

3       In Count Two, Plaintiff alleges a violation of the Eighth Amendment, because Defendants Meier, Johnson, and Unknown Male Staff exposed Plaintiff to "substantial risk of harm with indifference to the risk by instigating a riot using unwarranted combative language" towards the inmates in the clinic waiting room. Plaintiff contends that when the inmates became agitated as a result of Defendants Meier, Johnson, and Unknown Male Staff's statements, Defendants threatened to call the Special Operation Response Team to control the inmates with pepper spray and physical restraint.

      In Count Three, Plaintiff alleges that he received inadequate medical care, in violation of his Eighth and Fourteenth Amendment rights, because Defendant Unknown Medical Staff (the nurse practitioner) "improperly and negligently and with intentional misconduct" denied Plaintiff the right to decline medical treatment. Plaintiff contends that Defendant Unknown Medical Staff ordered Plaintiff to extend his arm, after Plaintiff verbally objected to the test because he had tested positive for tuberculosis for 14 years, and then injected Plaintiff after Plaintiff's "express objection."

      In his Request for Relief, Plaintiff seeks injunctive relief, monetary damages, and his costs of suit.

**III.    Failure to State a Claim**

    **A.    Count One—Right to Privacy**

      "The applicability of the Fourth Amendment turns on 'whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." Hudson v. Palmer, 468 U.S. 517, 525 (1984) (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979)). "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." Hudson, 468 U.S. at 527-28.

Any restriction on an inmate's privacy interests is justified to the extent that it is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Prisons can restrict privacy rights "to the extent necessary to further the correctional system's legitimate goals and policies." Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985). The plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (citation omitted).

Plaintiff fails to describe any facts to support that he had an expectation of privacy in not being subjected to a tuberculosis test or that receiving the test was not reasonably related to legitimate penological interests. Tuberculosis is a highly contagious disease in prison populations and screening is necessary to prevent outbreaks. See DeGidio v. Pung, 920 F.2d 525, 527 (8th Cir. 1990). Diagnosing and preventing disease and protecting the health of inmates are legitimate penological goals. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1447 (9th Cir.1989) ("County's interest of diagnosing severe medical problems to prevent transmission of serious disease among the general jail population is sufficiently compelling to preclude a finding that [forced blood tests and x-rays] are unreasonable within the meaning of the Fourth Amendment."). Moreover, Plaintiff has failed to allege facts to support that Defendants Meier and Johnson's presence in the clinic or Defendant Johnson's presence during the test was not reasonably related to legitimate penological interests. Finally, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Therefore, the Court will dismiss without prejudice Count One.

### B. Count Two—Threat to Safety

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The inmate must show that the deprivation

is "objectively, sufficiently serious," and that the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 834). To demonstrate deliberate indifference, a prisoner must show that the official knew of and disregarded an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff fails to allege facts to support that Defendants Meier, Johnson, or Unknown Male Staff knew of, but disregarded, a substantial threat to Plaintiff's safety. To the contrary, Plaintiff alleges that, when Defendants saw that the inmates were becoming agitated, Defendants took steps to control the inmates by informing them that Defendants would call the Special Operation Response Team to control the inmates with pepper spray and physical restraints. No riot occurred. Plaintiff therefore has failed to state a claim for a threat to his safety. The Court will dismiss without prejudice Count Two.

### C. Count Three—Inadequate Medical Care

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain

1  or possible medical need and harm caused by the indifference. <u>Jett</u>, 439 F.3d at 1096.
2  Deliberate indifference may also be shown when a prison official intentionally denies,
3  delays, or interferes with medical treatment or by the way prison doctors respond to the
4  prisoner's medical needs. <u>Estelle</u>, 429 U.S. at 104-05; <u>Jett</u>, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Farmer</u>, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." <u>Clement v. California Dep't of Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see</u> <u>also</u> <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 105-06.

Plaintiff contends that Defendant Unknown Medical Staff forced Plaintiff to submit to the tuberculosis test without Plaintiff's consent because Defendant Unknown Medical Staff ordered Plaintiff to extend his arm after Plaintiff objected to the test on the ground that he had tested positive for tuberculosis for 14 years. Plaintiff has failed to suggest that he was subjected to a wanton infliction of pain or that Defendant Unknown Medical Staff knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff's allegations in Count Three do not rise to the level of deliberate indifference. Therefore, the Court will dismiss without prejudice Count Three.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

1  If Plaintiff fails to use the court-approved form, the Court may strike the second amended
2  complaint and dismiss this action without further notice to Plaintiff.

3  A second amended complaint supersedes the original Complaint and First Amended
4  Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.
5  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will
6  treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d
7  at 1262. Any cause of action that was raised in the original Complaint or First Amended
8  Complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814
9  F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule
83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
relief with a notice of change of address. Failure to comply may result in dismissal of this
action.

   **C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See
LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
to Plaintiff.

   **D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim,
if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in
this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C.

§ 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. #8) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 21st day of September, 2009.

_____
Mary H. Murguia
United States District Judge